IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
RICHARD M. COAN, TRUSTEE, et al.     :
                                     :          3:15 CV 50 (JAM)
                                     :
v.                                   :
                                     :
SEAN DUNNE, et al.                   :          DATE: JANAURY 7, 2019
                                     :
---------------------------------------------------------x

RULING ON EMERGENCY MOTION FOR RECONSIDERATION (DOC. NO. 137)

On December 18, 2018, this Magistrate Judge issued a Ruling on [the Trustee's] Motion to Compel, granting in part and denying in part the Trustee's Motion, and, in light of the Scheduling Order in the case, ordering compliance by December 21, 2018. (*See* Doc. No. 129 ["December 18th Ruling"]).[1] On December 21, 2018, the defendants filed this pending Emergency Motion for Reconsideration of the December 18th Ruling (Doc. No. 137), and the Trustee filed an objection on December 27, 2018. (Doc. No. 141; *see also* Doc. Nos. 146-47). On January 4, 2019, the defendants filed their reply brief. (Doc. No. 152; *see also* Doc. No. 146).

For the reasons detailed below, the defendants' Emergency Motion for Reconsideration (Doc. No. 137) is *granted in limited part* as to John Dunne's post-March 2016 records, *denied as moot* as to the request for additional time for compliance, and *denied* as to all of the remaining arguments.

---

[1] Familiarity with the underlying facts and procedural history of this case is presumed. For a detailed recitation, *see* the December 18th Ruling at 1–4. The underlying Motion to Compel was directed to defendants Gayle Killilea, John Dunne, Mountbrook USA, LLC, WAHL, LLC, and TJD21, LLC (collectively referred to herein as "the defendants").

I. DISCUSSION

"The standard for granting a motion for reconsideration is strict," and such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the [C]ourt." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made," nor is it appropriate "to use a motion to reconsider solely to relitigate an issue already decided." *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21–22 (D. Conn. 2005). *See also Mody v. Gen'l Elec. Co.*, No. 3:04-CV-358 (JCH), 2006 WL 1168051, at *1 (D. Conn. Apr. 26, 2006).

In their motion, the defendants request that the Court reconsider its December 18th Ruling to "allow for additional time for [the] [d]efendants to gather, process, review and produce the responsive documents called for in the order[]" as the compliance deadline "will substantially prejudice [the defendants]." (Doc. No. 137 at 2). Additionally, the defendants seek reconsideration of the breadth of the Ruling's order of disclosure related to Gayle Killilea and John Dunne. (Doc. No. 137 at 2, 6-9).

A. DEADLINE FOR COMPLIANCE

The bulk of the defendants' Motion for Reconsideration focuses on the deadline that this Court set for compliance. On the same day that the defendants filed the pending Emergency

2

Motion for Reconsideration, the defendants filed an Emergency Motion for Extension of Time in which they sought until January 4, 2019 to comply with the December 18th Ruling. (Doc. No. 134). The next day, on December 22, 2018, this Court granted in large part that Motion for Extension of time "until January 2, 2019[]" noting that "[t]he Trustee appears to have made his expert disclosure by December 21, 2018, which was the original reason the Court established the December 21, 2018 deadline." (Doc. No. 138). Accordingly, the Court finds moot all of the defendants' arguments relating to the timeframe for production.

      B.      <u>FINANCIAL ACCOUNT INFORMATION</u>

The defendants move for reconsideration of this Court's order as it relates to the production of banking records in light of their argument that this is not a "financial fraud case." (Doc. No. 137 at 6-7; *see also* Doc. No. 142 at 1-4). Specifically, the defendants "urge the Court to consider a more targeted disclosure order for transactions occurring after the time period at issue in the complaints[,]" and request that the "Court . . . limit disclosure after 2014 to transfers to or from [Sean Dunne] or transfers between the Killilea Defendants or the particular entities which [the Trustee] has identified." (Doc. No. 137 at 6-7). Additionally, the defendants argue that "[t]here has been no showing why or how . . . personal transactions under $5000 can in anyway relate to the claims in the complaints." (Doc. No. 137 at 9). These arguments were made by the defendants in the underlying briefing, and again in connection with the submission of bank statements for this Court's *in camera* review. The Court has thoroughly considered these arguments and rejected them in the December 18th Ruling, and again in the December 21, 2018 Order following the *in camera* review. (*See* Doc. No. 78 at 18–21, Doc. No. 120 at 9-10). As this Court has already pointed out, the Confidentiality Agreement and the Protective Orders in this

3

case address the defendants' privacy concerns. (*See* December 18th Ruling at 29 (addressing banking records that include "personal transactions") & 30 (addressing confidentiality designations)). Accordingly, the undersigned rejects these arguments as an improper attempt to relitigate them in the Motion for Reconsideration.

    C.    JOHN DUNNE'S DISCLOSURE

Additionally, the defendants argue that compliance with the December 18th Ruling would unduly prejudice John Dunne's career as he avers that "[s]ince [March 3, 2016, he has] not transferred any property, money, assets or anything of financial value to Sean Dunne, Gayle Killilea, or any of the Defendants in these proceedings." (Doc. No. 139 at 2). John Dunne further avers that the only transactions he has had with these defendants is his compensation from Mountbrook, "all records of which are being disclosed." (Doc. No. 139 at 2). His request for reconsideration "is focused on unrelated party transactions from his personal accounts after March 2016." (Doc. No. 152 at 7 (footnote omitted)).

The defendants argue that, because John Dunne is a real estate developer in New York City and has signed many non-disclosure agreements, compliance with the December 18th Ruling "may compromise the interests of third parties with whom [John Dunne] has business interests and that are completely unrelated to any defendant, Sean Dunne, or Gayle Killilea." (Doc. No. 137 at 7). Although the Trustee points to the existence of the Protective Orders and Confidentiality Agreement in this case (*see* Doc. No. 3; *see also* Doc. No. 78 at 27 (citing Bankr. D. Conn. Doc. No. 309)), John Dunne avers that he is "routinely required to sign nondisclosure agreements in connection with [his] real estate work," and thus, production of documents post-dating March 2016 would "catastrophically affect [his] business, from both a financial and

reputational standpoint, thereby ruining [his] real estate career." (Doc. No. 139 at 2; *see also* Doc. No. 142 at 7).

The Trustee argues that "John Dunne's assertions are incomplete and seriously misleading as he has been inextricably intertwined with the Debtor and Killilea's financial and business affairs." (Doc. No. 141 at 5). Yet, it is concerning to the Court that, in support of this argument, the Trustee cites to the same transactions that John Dunne has already disclosed. (Doc. No. 141 at 5-8; *see* Doc. No. 147). The Trustee has not linked John Dunne to any transactions or documents after March 3, 2016, with the exception of the pay records from Mountbrook that have already been produced. Moreover, the Trustee's argument in his brief in opposition suggests that the Trustee agrees with John Dunne that unrelated party transactions "are not relevant to the Trustee's claims." (Doc. No. 141 at 9 (the Trustee argues in his brief in opposition that John Dunne's "argument . . . does not withstand scrutiny because the only specific harm he references involves transactions with non-party 'business associates' that he admits are not relevant to the Trustee's claims. He has not shown any specific good cause to withhold the discovery actually requested by the Trustee **and ordered by this Court.**" (emphasis in original)); Doc. No. 152 at 8).

In their reply brief, the defendants request permission for John Dunne to redact from the records post-dating March 2016 "information on business associates since March 2016 with no connection to these proceedings." (Doc. No. 152 at 6-7). Without viewing the documents, however, the Court cannot conclude that such redaction is appropriate. *On or before January 14, 2019*, John Dunne shall provide his post-March 2016 banking records for the Court's *in camera* review, along with the proposed redactions, and shall provide to the Court *in camera* the identities

5

of the unrelated business associates along with an affidavit detailing the nature of the transactions and business dealings with such non-related parties and the lack of connection to the transactions at issue in these proceedings. (*See* Doc. No. 139, at 1; Doc. No. 152 at 7 n.4).

D. IDENTIFICATION OF DOCUMENTS

The defendants argue further that "[r]equiring the [defendants] to indicate which documents were produced in response to which request will be highly burdensome." (Doc. No. 137 at 11). However, on January 2 and January 4, 2019, the defendants filed Notices of Compliance with Pretrial Order detailing their compliance with this provision of the December 18th Ruling. Accordingly, the Court finds this portion of the defendants' request for reconsideration to be moot.

II. CONCLUSION

For the reasons detailed above, the defendants' Emergency Motion for Reconsideration (Doc. No. 137) is *granted in limited part* as to John Dunne's post-March 2016 records, *denied as moot* as to the request for additional time for compliance, and *denied* as to all of the remaining arguments.

Dated this 7th day of January 2019, at New Haven, Connecticut.

/s/ *Robert M. Spector*, U.S.M.J.
Robert M. Spector
United States Magistrate Judge