# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD M. COAN,<br>    *Plaintiff-Trustee*,<br><br>v.<br><br>SEAN DUNNE, *et al.*,<br>    *Defendants*. | No. 3:15-cv-00050 (JAM)<br>Adv. Proc. No. 15-5019 (JAM) (consol.) |

## ORDER ON DISCOVERY DISPUTE

Plaintiff-Trustee Richard M. Coan ("the Trustee") and defendants Gayle Killilea, Mountbrook USA, LLC, Wahl, LLC, and TJD21, LLC ("defendants") are enmeshed in a discovery dispute in a case related to ongoing bankruptcy proceedings against Sean Dunne in this District and in the Republic of Ireland. *See In re Dunne*, 13-50484 (Bankr. D. Conn. filed Mar. 29, 2013); *Lehane v. Dunne* 2014 7820 P (H. Ct.) (Ir.); *In re Dunne (A Bankrupt)* 2013 Bankr. No. 2478 (H. Ct.) (Ir.). The Trustee and defendants filed numerous cross-motions to, *inter alia*, compel the production of documents and hold each other in contempt, most of which I ruled on at a hearing on November 16, 2018. *See* Doc. #82. I now turn to defendants' two motions to compel (Doc. #66; Doc. #67) that I took under advisement at the hearing.

I conclude in relevant part that the "common interest" rule may be invoked to justify a claim of attorney-client privilege or work-product privilege as to documents exchanged between the Trustee and two major creditors as well as the Trustee's international counterpart in Ireland. I also conclude that, despite the fact that the Trustee is collaborating with authorities in Ireland, the Trustee is not required to disclose documents in the possession of Irish authorities and that the Trustee does not possess or control.

### *Defendants' First Motion to Compel* **(Doc. #66)**

Defendants' first motion challenges the Trustee's assertion of the attorney-client privilege to scores of requests for production from defendants. *See* Doc. #66 at 9; Doc. #66-1. I will sustain the Trustee's objection to the extent the Trustee claims that the attorney-client or work product privileges may be applied to its communications with the Irish financial institutions National Asset Loan Management, Ltd. ("NALM") and Ulster Bank—Dunne's two largest bankruptcy creditors—and the Irish Official Assignee (OA)—who is the equivalent of the Trustee in the parallel Irish proceedings.

The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice. *See United States v. Krug*, 868 F.3d 82, 86 (2d Cir. 2017). The work product privilege extends to documents prepared in anticipation of litigation, so that "a lawyer can prepare and develop legal theories and strategy with an eye toward litigation, free from unnecessary intrusion by his adversaries." *Schaeffler v. United States*, 806 F.3d 34, 43 (2d Cir. 2015) (internal quotations omitted).

The fact that a document may be disclosed to a third party does not necessarily constitute a waiver of either the attorney-client privilege or the work-product privilege. To the contrary, the privileges may not be waived if there is a common interest with the third party to whom a communication is made or disclosed. *See Krug*, 868 F.3d at 86–87 (attorney-client privilege); *United States v. Deloitte LLP*, 610 F.3d 129, 139 (D.C. Cir. 2010) (work-product privilege).

The "common interest" rule extends the privilege to communications between parties "where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." *Krug*, 868 F.3d at 86 (quoting *United States v. Schwimmer*, 892 F.2d

237, 243 (2d Cir. 1989)). The rule protects only "those communications made in the course of an ongoing enterprise and intended to further the enterprise." *Schwimmer*, 892 F.2d at 243. "Parties may share a 'common legal interest' even if they are not parties in ongoing litigation," and "[a] financial interest of a party, no matter how large, does not preclude a court from finding a legal interest shared with another party where the legal aspects materially affect the financial interests." *Schaeffler*, 806 F.3d at 40, 42.

I agree with the Trustee that the common interest rule applies here because the Trustee and the creditors and OA have a common legal interest in maximizing the value of Dunne's bankruptcy estate. The Second Circuit has a taken a broad view of what may constitute a common legal interest. *See ibid.* (recognizing common legal interest in restructuring transaction to reduce tax liability). So, too, have district and bankruptcy courts in contexts similar to the one here. *See, e.g.*, *FDIC v. Fid. & Deposit Co. of Md.*, 2013 WL 6181127, at *4–*5 (S.D. Ind. 2013) (recognizing common interest between trustee and committee of creditors in maximizing estate value); *In re Mortg. & Realty Tr.*, 212 B.R. 649, 653 (Bankr. C.D. Cal. 1997) (recognizing, in Chapter 11 case, common interest between debtor and committee of creditors in maximizing estate value).

The common interest the Trustee and creditors share fits within this expansive universe. The Trustee owes a fiduciary duty to the creditors, *Germain v. Conn. Nat'l Bank*, 988 F.2d 1323, 1330 n.8 (2d Cir. 1993), and while the Trustee is also the debtor's fiduciary, *ibid.*, the scope of both fiduciary duties is to marshal the estate's assets and "maximize the realization of estate liquidation." *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991).

Defendants acknowledge that the Trustee and two of Dunne's major creditors, NALM and Ulster Bank, are working together to pursue claims against defendants and recover Dunne's assets. Doc. #66 at 2. And although an agreement to pursue a common legal strategy need not be in writing, to the extent that the Trustee, Ulster, and NALM entered into joint prosecution agreement, *see* Doc. #75 at 12, such an agreement reinforces their claim to a common interest. *See HSH Nordbank AG N.Y. Branch v. Swerdlow*, 259 F.R.D. 64, 72 n.12 (S.D.N.Y. 2009) (Lynch, J.). Similarly, while the OA is not a creditor of Dunne's estate, a common legal interest still exists between the Trustee and the OA in view of their common function and goal. Defendants argue that because the OA is pursuing assets in Ireland and South Africa, rather than in the United States, the lack of overlap in assets destroys any common interest. Doc. #66 at 16. But the Bankruptcy Court has already recognized the relationship between the OA and the Trustee as a "symbiotic" one and that "[t]he Trustee and the Official Assignee are acting together and are, in essence, *de facto* co-administrators of each other, working for the same purpose." *In re Dunne*, 2015 WL 7625609, at *5 (Bankr. D. Conn. 2015). Indeed, defendants complain earlier in their motion about the overlap between the OA and Trustee's actions. Doc. #66 at 2. Thus, even if there is no overlap in assets between the United States and elsewhere, this litigation has not proceeded in separate national silos, *see, e.g.*, Doc. #65 (defendants' objection to Trustee's application to retain counsel in Ireland), and the Trustee and OA have a common legal interest in developing a common strategy to pursue Dunne's assets.

I therefore conclude that the common interest rule applies to otherwise privileged communications between the Trustee, NALM, Ulster Bank, and the OA in furtherance of their joint legal strategy. Not every document defendants request will necessarily be subject to privilege under the common interest rule. If defendants mean to argue, for instance, that

communications that are not between an attorney and a client are not subject to the attorney-client privilege, they may be correct. *See* Doc. #66 at 16. And a communication that is not privileged in the first place of course cannot have that privilege extended through the common interest rule. But I will deny defendants' motion to compel to the extent that defendants have argued as a categorical matter that communications between the Trustee and Ulster Bank, NALM, and the OA in furtherance of their common litigation strategy waive the attorney-client privilege or work product doctrine. And in doing so, I sustain the Trustee's objection to the extent it invokes the common interest rule over otherwise privileged communications so shared.

### *Defendants' Supplemental Motion to Compel* (Doc. #67)

Defendants also seek to compel the Trustee to produce a number of documents from the parallel Irish bankruptcy proceedings that the Trustee claims not to possess or control. Doc. #67 at 2–4. The Trustee objects that the OA possesses the documents defendants seek, and that they are at least in part protected by Irish privilege law. Doc. #76 at 2–3.

Because the federal discovery rules do not require parties to produce documents that they do not possess or control, a party who seeks discovery of documents that the adverse party claims in good faith that it does not possess must identify specific evidence to the contrary. *See In re Dunne*, 2018 WL 4654698, at *4 (D. Conn. 2018). Here, defendants have argued—and the Trustee does not dispute—that the Trustee and OA are working collaboratively. Doc. #67 at 2. But a claim of collaboration is not equivalent to a showing that the Trustee possesses documents that are being used in separate litigation in another country. The Court will not compel the Trustee to produce documents that it does not have or control.

The Trustee has agreed to request any non-privileged documents relevant to the Irish bankruptcy proceedings from the OA consistent with Irish law, and I have issued an order

directing him to do so. *See* Doc. #84; Doc. #86. Requesting those documents satisfies any burden the Trustee might have, because he will then be able to produce the documents he obtains, while showing that any remaining documents are non-discoverable as privileged, in the OA's possession and control, and barred from release by Irish law.

Defendants have also argued that I should grant this motion (or their previous motion to compel) because it is inequitable for the Trustee to claim that he does not control documents in the OA's possession, while also claiming that the attorney-client privilege or work product doctrine protects certain documents that he does obtain from the OA. Doc. #67 at 3–4; Doc. #66 at 13–14. I disagree. Once the Trustee obtains the documents I have ordered him to request from the OA, *see* Doc. #84, he will be able to produce any non-privileged documents he did not previously possess to defendants. The Trustee's claims of non-possession will then be limited to the documents that the OA controls but has not turned over. *See* Doc. #76 at 4–5. Some of these may be documents that are irrelevant to defendants' requests or privileged under the law of the United States. There is no inequity if defendants fail to obtain documents they are not entitled to discover.

Similarly, some documents that the OA does not turn over may be privileged under Irish law. That the Trustee does not then possess those documents in the United States is an artifact of the privilege surrounding those documents in another country's proceedings, and if anything, it would be inequitable for me to issue an order circumventing that privilege. Even then, because I have no power to order an Irish official to disclose documents that are privileged under Irish law in an Irish court proceeding, and "one cannot be required to produce the impossible," *Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) (internal quotation marks and citations omitted), there is still less inequity in

declining to compel the Trustee to produce documents he cannot obtain. Accordingly, I will sustain the Trustee's objection on the basis of possession and control to defendants' motion to compel.

## CONCLUSION

Defendants' motion to compel (Doc. #66) is DENIED, and the Trustee's objection (Doc. #75) is SUSTAINED, insofar as the common interest rule extends the attorney-client privilege and work-product privilege to communications between the Trustee, NALM, Ulster Bank, and the OA in furtherance of their common legal interest in maximizing the value of the Dunne bankruptcy estate. Defendants' supplemental motion to compel production of Irish documents (Doc. #67) is DENIED, and the Trustee's objection (Doc. #76) is SUSTAINED.

It is so ordered.

Dated at New Haven this 22d day of January 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge