# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

RICHARD M. COAN,
    *Plaintiff-Trustee*,

v.

No. 3:15-cv-00050 (JAM)

SEAN DUNNE, *et al.*,
    *Defendants*.

## ORDER RE MOTION FOR ISSUANCE OF
## LETTERS ROGATORY RE ROSS CONNOLLY AND JAMES RYAN

Plaintiff Richard M. Coan, Trustee of the Bankruptcy Estate of Sean Dunne, moves for this Court to issue letters rogatory as to Ross Connolly and James Ryan, two financial advisors to Sean Dunne and Gayle Killilea. Doc. #107. Defendants Killilea, John Dunne, Mountbrook USA, LLC, Wahl, LLC, and TJD21, LLC ("defendants"), do not object to the motion but object to any questioning of Connolly or Ryan about privileged information and about current assets and holdings of the defendants.

### DISCUSSION

A letter rogatory is a request for assistance or information that is issued by one court to a foreign court. *See United States v. Hoskins*, 2015 WL 4874921, at *5 (D. Conn. 2015); *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 775 (S.D.N.Y. 2012). This Court has both statutory and inherent authority to issue a letter rogatory for foreign judicial assistance, and whether to do so rests within the Court's discretion. *Hoskins*, 2015 WL 4874921, at *5; *United States v. Al Fawwaz*, 2014 WL 627083, at *2 (S.D.N.Y. 2014).

As with any request for domestic discovery, a primary consideration for a federal court when evaluating a request to issue a letter rogatory is whether the information sought would be

properly discoverable under the Federal Rules of Civil Procedure, *i.e.*, whether the requesting party seeks non-privileged information that is relevant and that does not impose a burden disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26; *Lantheus Med. Imaging, Inc.*, 841 F. Supp. 2d at 776. Thus, "a court should not authorize the service of letters rogatory if it would not approve of the discovery requests in a purely domestic context." *Bisnews AFE (Thailand) Ltd. v. Aspen Research Grp. Ltd.*, 2012 WL 4784632, at *3 (S.D.N.Y. 2012).

The Trustee seeks to depose Connolly and Ryan because both accountants are included in defendants' initial disclosures as "individuals who likely have discoverable information that the [defendants] may use to support their probable defenses." Doc. #107-3 at 2, 3, 4. The Trustee adds that Connolly and Ryan have information regarding financial assets, transactions, and affairs of Sean Dunne and Gayle Killilea that would be "probative of key allegations in this litigation." Doc. #107 at 5–6.

Although defendants do not object in general to the deposition of Connolly and Ryan, they object to the Trustee inquiring into privileged matters. Absent a showing that the attorney-client privilege and work product privileges do not apply at all in Ireland, I will grant the letters rogatory with the understanding that the privilege may be asserted in good faith as to inquiries of Connolly and Ryan. It is otherwise premature for me to decide in the abstract how the privilege may apply to particular inquiries of Connolly and Ryan.

Defendants also seek to preclude inquiry of Connolly and Ryan about current assets and holdings of the defendants. I conclude that this subject matter is relevant to this action, *see* Doc. #129 at 14, and therefore decline to condition the issuance of this letter rogatory on grounds of this proposed limitation.

Defendants also seek notice of any deposition of Connolly and Ryan. I agree that defendants should receive at least one week's notice and an opportunity to be present for any such deposition. The Trustee shall serve at least one week's notice on defendants' counsel of any deposition to take place of Connolly and Ryan.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Trustee's motion for letters rogatory (Doc. #107), and it issues the attached letters rogatory as to Ross Connolly and James Ryan.

It is so ordered.

Dated at New Haven this 23rd day of January 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge