IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
                                         :
RICHARD M. COAN, TRUSTEE, et al.         :
                                         :        3: 15 CV 50 (JAM)
                                         :
v.                                       :
                                         :
SEAN DUNNE, et al.                       :        DATE: MARCH 9, 2019
                                         :
-------------------------------------------------------x
```

### RULING ON THE TRUSTEE'S MOTION TO OVERRULE DEFENDANTS' PRIVILEGE OBJECTIONS AND COMPEL PRODUCTION OF WITHHELD DOCUMENTS (DOC. 181)

## I.    RELEVANT PROCEDURAL HISTORY

On December 18, 2018, this Court filed a 34-page Ruling on the Trustee's Motion to Compel ["December 18th Ruling"], in which, *inter alia*, the Court discussed the parties dispute over documents withheld by the defendants[1] as privileged.  (Doc. No. 129 at 31-32).  As stated in the December 18th Ruling:

> The Court [(Meyer, J.)] addressed the parties' privilege logs during the November 16, 2018 hearing, during which the Court inquired whether there was a separate motion addressing this issue and then informed the parties: "I think it really needs to be its own motion if it's going to be something the Court acts on. We had a motions deadline to do that." (Doc. No. 99 at 78-79).  The Court then stated that "this is something to raise with respect to the same other motion[]" that was referred to this Magistrate Judge. (Doc. No. 99 at 80).  The Court directed the parties to "look at [the] specific privilege items" and then confer with each other and "try to resolve it." (Doc. No. 99 at 80). The defendants contend that the Trustee "did not attempt to identify any specific items to [the defendants] in an effort to resolve any disputes concerning them."  (Doc. No. 120 at 23).

---

[1] The defendants as referred to in this Ruling are Gayle Killilea, John Dunne, Mountbrook USA, LLC, WAHL, LLC, and TJD21, LLC. (*See* Doc. No. 181, at 1).

1

(Doc. No. 129 at 32). The parties then embarked in supplemental briefing relating to their then-pending Motion to Compel (*see* Doc. No. 64), which included argument on the privilege issue and the Trustee's challenge to 6,756 communications logged in Killilea's May 4, 2018 privilege log. The defendants argued that the issue was not within the scope of the then-pending Motion to Compel and that the Trustee did not follow the Court's (Meyer, J.) directive to "identify . . . specific items" in which the privilege was disputed. (Doc. No. 120 at 23-24). The Trustee argued that the attorney-client privilege was waived as to broad categories of communications, including those that identified James Ryan who the Trustee knew to be a member of the defendants' litigation team both in Ireland and the United States. In the December 18th Ruling, this Court ruled that the defendants had to produce "documents from James Ryan which are not protected by the attorney-client or work-product privilege[,]" and that the parties "shall confer about the privilege designations." (Doc. No. 129 at 25). The Court also directed the parties to "once again . . . confer and try to resolve the outstanding privilege issues." (Doc. No. 129 at 32).

On January 17, 2019, the Trustee filed the pending Motion to Overrule Defendants' Privilege Objections and to Compel Production of Withheld Documents (Doc. No. 181; *see also* Doc. No. 254). The next day, this motion was referred to this Magistrate Judge. (Doc. No. 184). In this pending motion, the Trustee seeks to "compel the [d]efendants to produce all communications with nonlawyers, accountants, architects, engineers and real estate agents, communications with Sean Dunne ("the Debtor") and communications with adverse attorneys." (Doc. No. 181 at 2-3). Included within his request, the Trustee seeks "all communications listed in both the [d]efendants' privilege log and the D'Agostino, Levine, Landesman & Lederman, LLP ("D'Agostino") [log], which was prepared by [d]efendants but not produced until December 11, 2018[,]" as well as "all responsive emails involving Ross Connolly and James Ryan, who are

accountants hired by the Debtor and/or Killilea." (Doc. No. 181 at 3). The Trustee claims that, "[a]lthough the parties met and conferred on December 21, 2018, the [d]efendants still refuse to withdraw even a single privilege assertion[.]" (Doc. No. 181 at 2). Additionally, the Trustee claims that the defendants have "had nearly a year to establish exactly why Connolly and Ryan were necessary for the delivery of legal advice and have not even attempted to do so." (Doc. No. 181 at 9).[2] The Trustee also recounts the fact that, despite the Bankruptcy Court's order on August 17, 2018, directing the parties to "deliver to the Court all unredacted documents referred to in the Privilege Log for an in camera review," the defendants "never produced a single document for an in camera review to any Court at any time[,]" nor did the defendants undertake a review to review any "incorrect" privilege designations as they represented they would to the Bankruptcy Court. (Doc. No. 181, at 2, 6-7).

## II. DISCUSSION

### A. Defendants' Privilege Logs – Schedules 4, 4-A and 4-B

As this Court discussed in the December 18th Ruling (at 24-25), the defendants bear the burden of proving the applicability of the attorney-client privilege:

> A party invoking the attorney-client privilege bears the burden to establish the elements of the privilege: "(1) communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice."

---

[2] The Trustee maintains that he has raised the majority of his arguments in briefing relating to Gayle Killilea's Motion for Contempt (Doc. No. 77), which this Court (Meyer, J.) denied on the record, and in briefing relating to Plaintiff's Motion for Issuance of Letters Rogatory (Doc. No. 107), which this Court granted on January 23, 2019 (Doc. No. 193), stating:

> Although defendants do not object in general to the deposition of Connolly and Ryan, they object to the Trustee inquiring into privileged matters. Absent a showing that the attorney-client privilege and work product privileges do not apply at all in Ireland, I will grant the letters rogatory with the understanding that the privilege may be asserted in good faith as to inquiries of Connolly and Ryan. It is otherwise premature for me to decide in the abstract how the privilege may apply to particular inquiries of Connolly and Ryan.

(Doc. No. 193 at 2).

*In re Smith*, No. 14-21261 (JTT), 2017 WL 1190590, at *5 (Bankr. D. Conn. Mar. 29, 2017) (quoting *In re Cty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007)). "The rule in this Circuit, . . . is that the applicability of the attorney-client privilege to a particular communication depends on 'whether the predominant purpose of the communication is to render to solicit legal advice.'" *Deutsche Bank Nat. Trust Co. v. WMC Mortg., LLC,* Nos. 3:12 CV 933(CSH), 3:12 CV 969, 3:12 CV 1347(CSH), 2015 WL 1650835, at *5 (D. Conn. Apr. 14, 2015) (quoting *Erie*, 473 F.3d at 420) (footnote omitted)).

The privilege logs filed under seal with the Trustee's Motion total 430 pages (*see* Doc. No. 182; *see* Doc. Nos. 183, 185) and, as the Trustee explains, reflect that the attorney-client privilege was asserted 7,481 times for communications with non-lawyers, including 6,756 times for communications with James Ryan and 67 times for communications with Ross Connolly, and at least 436 times with various non-lawyers who the Trustee has identified as engineers, real estate agents, architect and accountants.[3]  (Doc. No. 181 at 10; Doc. No. 182; *see also* Doc. No. 254 at 8). Additionally, the Trustee points to assertions of the privilege on communications involving lawyers who are directly adversarial, as well as other non-lawyers, and note that Killilea "failed to identify the roles of people identified in the log, [so that the] Trustee has only listed . . .

---

[3] In addition to Ryan and Connolly, the Trustee challenges the privilege designations on communications with Roy Abramowitz, another accountant who provided services to the defendants.  On February 7, 2019, the Trustee filed a Supplement to this Motion in which he argued that, in preparing for the deposition of Roy Abramowitz, a third-party account who provides accounting services to the defendants and the Debtor, the Trustee discovered that Abramowitz provided documents to the defendants' counsel before production to the Trustee, despite a Bankruptcy Court order that denied the defendants' motion to quash and did not allow for any screening by defendants' counsel; the defendants then withheld at least seventeen communications with Abramowitz under claims of attorney-client privilege. (Doc. No. 218).  The defendants responded (with email confirmation from Abramowitz's counsel) that Abramowitz did not produce documents to the defendants' counsel prior to their production to the Trustee, nor did the defendants' counsel undertake any type of pre-screening review before the documents were simultaneously produced to the Trustee and the defendants' counsel.  (Doc. No. 226 & Exs. A-B).  Accordingly, the Court finds the disclosure/screening issue moot and addresses the underlying privilege designations above.

communications with the people that the Trustee knows are either nonlawyers or adverse lawyers who destroy any colorable claim of privilege." (Doc. No. 181 at 11).

As this Court recently explained in its Ruling on the Plaintiff's Renewed Motion for Further Contempt (Doc. No. 225 at 22-23), filed on February 11, 2019, privilege logs must include "sufficient substantive detail for a meaningful review of the application of the privilege[,]" including whether the communications were confidential and made between an attorney and client for the purpose of providing legal advice. *Bolorin v. Borrino*, 248 F.R.D. 93, 95 (D. Conn. 2008).[4] Although the defendants argue that the Trustee has not identified "any individual specific communications in an effort to resolve any disputes concerning them[]" (Doc. No. 217 at 16), the record is clear that the Trustee has identified, at minimum, 7,481 communications, as referenced above, which includes over 600 documents with lawyers who are directly adversarial and with non-lawyer third parties (exclusive of the documents involving Connolly and Ross).

Rule 26(b)(5) of the Federal Rules of Civil Procedure provides that, when a party withholds discoverable information by claiming it is privileged or protected, "the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *Id.*; *see also* D. Conn. L. Civ. R. 26(e) ("[i]n accordance with Fed. R. Civ. P. 26(b), . . . when a claim of privilege or work product protection is asserted in response to a discovery request for documents," the party asserting the privilege "shall serve on all parties a privilege log containing the following information": (1) "[t]he type of document", (2) "[t]he general subject matter of the document", (3) "[t]he date of the document", (4) "[t]he author of the document", and (5) "[e]ach recipient of the document").

---

[4] In that Ruling, this Court addressed the Debtor's February 22, 2018 privilege log, as well as his revised and supplemental privilege logs. (Doc. No. 225 at 21-23).

Pursuant to the Advisory Committee's Notes to the 1993 Amendment, paragraph (5) of Rule 26(b) requires that the party claiming privilege

> must also provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection. Although the person from whom the discovery is sought decides whether to claim a privilege or protection, the court ultimately decides whether, if this claim is challenged, the privilege or protection applies. Providing information pertinent to the applicability of the privilege or protection should reduce the need for in camera examination of the documents.

The "intention in this commentary is that the notice of claimed privilege a party is mandated to give should be as specific, detailed and informative as the circumstances allow. A procedure intended to 'reduce the need for in camera examination of the documents,' a manifestly worthwhile objective, perhaps appeals even more to trial judges than to trial lawyers." *Jansson v. Stamford Health, Inc.*, 312 F. Supp. 3d 289, 294 (D. Conn. 2018), *adhered to on denial of reconsideration*, No. 3:16-CV-260 (CSH), 2018 WL 2357271 (D. Conn. May 4, 2018).

In this case, without knowledge as to the roles of all of the people in the log, neither the Trustee, nor the Court can identify the role of all of the parties for whom the privilege has been asserted. Moreover, in light of the inadequacies identified in the privilege logs, little would be achieved by an intensive in camera review of the thousands and thousands of withheld documents. Instead, the Court orders the defendants to comply with both the requirements of the Rule 26 and with this Court's repeated orders over the past year, and confer with the Trustee, discuss the thousands of disputed documents involving non-lawyer third-parties, and resolve on their own the remaining, outstanding privilege disputes.

B.    <u>Connolly and Ryan Communications</u>

The Trustee argues, and the defendants do not dispute, that Connolly and Ryan are percipient fact witnesses. (Doc. No. 181 at 13-15; Doc. No. 217 at 19). The defendants, however,

contend that even, if they are fact witnesses, the privilege is not waived as to privileged communications. (Doc. No. 217 at 19). According to the defendants, the "Trustee is well aware that Mr. Ryan is an accountant but has been an integral member of the [defendants'] litigation team both in Ireland and the U.S. and that the [defendants] claim privilege over only certain communications with Mr. Ryan." (Doc. No. 217 at 17). The defendants add that the Trustee "attempts an end run around the Irish Litigation Privilege protections that are broader than the attorney-client privilege here[,]" and disclosure of all communications with Ryan will reveal the defendants' litigation strategy and trial plans which would be "unfair and highly prejudicial" to defendants. (Doc. No. 296 at 6, 11). The defendants argue that they "only seek to protect . . . privileged communications made for purposes of giving or obtaining legal advice or as to trial preparation materials prepared for purposes of this litigation." (Doc. No. 217 at 19).

The issue of whether the attorney-client privilege can extend to agents of a client interfacing with counsel has been argued before this Court (Meyer, J.) in this case, most recently in connection with the Motion for Issuance of Letters Rogatory for Connolly and Ryan (*see* Doc. Nos. 126 at 5-7, Doc. No. 145 at 2-4, 6-12 (same arguments made by the Trustee in the pending Motion)).[5] After consideration of the parties' arguments, the Court (Meyer, J.) granted letters rogatory for Connolly and Ryan with the "*understanding that the privilege may be asserted in good faith as to inquiries of Connolly and Ryan*[,]" but finding it "premature . . . to decide in the abstract how the privilege may apply to particular inquiries of Connolly and Ryan." (Doc. No. 193 at 2)(emphasis added). Similarly, here, the Court concludes that the privilege may apply to some of the communications involving Connolly and Ryan, but cannot accept the defendants' blanket assertion of the privilege on every communication involving these two individuals.

---

[5] (*See also* Doc. No. 254; *see* Doc. No. 296).

In reviewing the privilege logs and the procedural history of the case, it is apparent that the defendants represented to the Bankruptcy Court in September 2018 that they would review, and in fact, were, at that time, in the process of reviewing certain documents which could have been incorrectly labeled as privileged[.]" (Doc. No. 181 at 6-7 (citing AP Doc. No. 466)).  To date, however, this thorough review has not occurred. As a result, the undersigned orders the defendants to conduct this review and produce any non-privileged documents to the Trustee *on or before March 22, 2019*.

    C.    <u>D'Agostino Privilege Log</u>

The Trustee argues that the privilege log produced on December 11, 2018 showing the documents withheld from the D'Agostino document production includes communications on which Ryan and Connolly were copied, and thus, the mere "presence of these accountants on these communications waives the attorney-client privilege."  (Doc. No. 181 at 12).  The mere involvement of Ross and Connolly, however, neither waives the privilege, as the Trustee argues, nor, invokes the privilege in light of their relationship, as the defendants argue.  Accordingly, the defendants shall revisit the D'Agostino privilege log and produce any non-privileged documents to the Trustee *on or before March 22, 2019*.

## III.   <u>CONCLUSION</u>

For the reasons set forth above, the Trustee's Motion to Overrule Defendants' Privilege Log Objections and Compel Production of Withheld Documents (Doc. No. 181) is *granted in part* such that *on or before March 22, 2019*, the defendants are ordered to: review their privilege designations for communications involving adversarial lawyers and non-lawyer third parties which the defendants' represented to the Bankruptcy Court may have been "incorrectly" labeled as privileged; serve a revised privilege log in accordance with Rule 26(b)(5)(A) that will allow the

Trustee to ascertain whether the defendants continue to assert the attorney-client privilege with communications involving third parties; and, meet and confer to address the specified communications that have been withheld under claims of privilege in the defendants' privilege logs and in the D'Agostino privilege log, including, in accord with this Court's (Meyer, J.) earlier ruling on this issue, the communications involving Connolly and Ross; and produce all non-privileged documents.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 9th day of March, 2019.


    /s/ Robert M. Spector, USMJ
Robert M. Spector
United States Magistrate Judge