# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

RICHARD M. COAN, TRUSTEE, *et al.*,
    *Plaintiffs*,

v.

SEAN DUNNE *et al.*,
    *Defendants*.

No. 3:15-cv-00050 (JAM)
Adv. Proc. No. 15-5019 (JAM) (consol.)

## ORDER DENYING MOTION OF SEAN DUNNE
## TO BE DROPPED AS A PARTY DEFENDANT

Defendant Sean Dunne moves to be dropped as a party defendant from this action. Because I conclude that Dunne has been properly joined as a defendant and that the interests of justice warrant a joint trial with him and his co-defendants, I will deny the motion.

### BACKGROUND

This case is a consolidated action involving claims by a bankruptcy trustee seeking to recover assets relating to the bankruptcy of Sean Dunne. *See In re Dunne*, No. 13-50484 (Bankr. D. Conn.). Dunne was a prominent real estate developer in Ireland with a reported net worth of more than $900 million in 2007. Doc. #50 at 2. But Dunne soon suffered devastating financial reversals after the global financial crisis struck in 2008, and this has set in motion years of efforts by creditors and bankruptcy trustees in the United States and Ireland to recover from him.

In 2010 the government of Ireland created the National Asset Management Agency ("NAMA") to acquire troubled bank assets and other obligations. *Ibid.* In the meantime, Dunne and his spouse—defendant Gayle Killilea—moved to Greenwich, Connecticut in 2010. *Ibid.*; Doc. #1-1 at 15. In 2012 Dunne consented to a stipulated judgment against him and in favor of a NAMA-related entity known as National Asset Loan Management, Ltd. ("NALM") for about

1

$235 million stemming from personal guarantees that Dunne had given to secure debt for his companies. *Ibid.*

NALM soon suspected that Dunne was concealing assets, and so NALM filed an action in 2012 in the Connecticut Superior Court claiming that Dunne had fraudulently transferred various assets to others including his spouse Gayle Killilea Dunne. *Id.* at 3. This state court lawsuit named the following defendants: Gayle Killilea, Mountbrook USA LLC, Molly Blossom LLC, Barclay Beattie & Brown, LLC, Wahl, LLC, Thomas Heagney, Esq., John Slane, Esq., and the law firm Heagney Lennon & Slane. The lawsuit alleged fraudulent transfer of Dunne's interest in a Geneva apartment to Killilea (Count I), fraudulent transfer of his interest in two companies—Mountbrook USA and Molly Blossom LLC—to Killilea (Count II), fraudulent transfer of monies and assets to Killilea (Count III), violations of the Uniform Fraudulent Transfer Act, Conn. Gen. Stat. § 52-552A *et seq.* (Count IV), unjust enrichment (Count V), and a claim for an accounting (Count VI).

While this state court action was pending, Dunne filed for bankruptcy in March 2013 in the U.S. Bankruptcy Court in the District of Connecticut, and his creditors soon commenced a bankruptcy action against him as well in Ireland. Doc. #50 at 3–4. In January 2015, Dunne waived his discharge in the U.S. bankruptcy action, and the bankruptcy trustee—plaintiff Richard Coan—moved to intervene in the state court action and to remove it to this Court. *Id.* at 4; Doc. #1. The Court granted the Trustee's motion to intervene and denied defendants' motion to remand. Doc. #38.

In March 2015, the Trustee commenced a separate and somewhat duplicative adversary proceeding in the Bankruptcy Court against Killilea and other defendants but not Dunne. *See Coan v. Killilea*, Adv. Proc. No. 15-05019 (D. Conn.). The Trustee alleged 35 causes of action

based on alleged fraudulent transfer of assets or money to Killilea from 2005 to 2008, including claims that Dunne had fraudulently transferred certain interests to Killilea. Doc. #50 at 4–5.

A few years passed before the case became active again on my docket. On July 27, 2018, I entered an order for trial to commence in May 2019. Doc. #46. I also granted the Trustee's unopposed motion to consolidate the removed state court action and the adversary proceeding that had been proceeding on a separate track in the Bankruptcy Court. Doc. #52.

In October 2018, three of the defendants—Killilea, Mountbrook USA, LLC and Wahl, LLC—moved to dismiss the accounting claim. Doc. #55. Dunne did not join in this motion.[1] After considering the parties' briefing and hearing oral argument, I denied this motion without prejudice to renewal at trial. Doc. #82; Doc. #99 at 13.

## DISCUSSION

Dunne argues that the Court should exercise its authority under Rule 21 of the Federal Rules of Civil Procedure to dismiss him from this action. Rule 21 provides in full:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.

Rule 21 is a companion provision to Rule 20, which governs which parties may be joined in a single complaint. Rule 20 states in relevant part that multiple defendants may be joined if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

---

[1] Nor did Dunne move at any earlier point in this litigation to dismiss the accounting claim. In November 2012, he filed a motion to dismiss those parts of the state court complaint relating to the transfer of the Geneva apartment but did not at that time seek dismissal of the accounting claim. Doc. #5-1. That motion to dismiss was filed by the same counsel who later filed the motion to dismiss the accounting claim on behalf of Killilea and two of the corporate defendants.

occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

It is clear to me that Dunne was properly joined as a defendant in accordance with Rule 20's requirements of common questions of law and fact among the defendants. The removed state court complaint alleges Dunne's enormous debt to NALM and the central role of Dunne in the alleged fraudulent transfers for which, as a natural consequence, he is alleged to be liable for an accounting. If the fraudulent transfer claims are proved at trial, there is no sensible basis to conclude that Dunne—as a prime participant in all that allegedly happened—should not be responsible among others to render an accounting. Dunne's presence and participation would be essential to an accounting.

If Dunne were now dropped or severed from this lawsuit and judgment eventually entered against his co-defendants, Dunne would arguably not be bound by any judgment against his co-defendants. There would likely ensue additional and duplicative litigation concerning whether Dunne is liable at all for an accounting and must otherwise submit to the Court's jurisdiction. Although Rule 21 "'contains no restrictions on when motions to add or drop parties must be made, the timing of the motion may influence the court's discretion in determining to grant it,'" and "'the court typically will deny a request that comes so late in the litigation that it will delay the case or prejudice any of the parties to the action.'" *City of Syracuse v. Onondaga Cty.*, 464 F.3d 297, 308 (2d Cir. 2006) (quoting 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE, CIVIL 3D § 1688.1 at 510). I am convinced that Dunne's joint participation as a defendant in the upcoming trial is essential to the ends of justice and prompt and efficient disposition of this litigation. *See ibid.*

To the extent that Dunne in reality seeks an outright dismissal of the accounting claim (rather than merely to be dropped or severed as a defendant), Dunne failed to timely join in the Killilea defendants' motion to dismiss the accounting claim. There is no credibility or merit to Dunne's suggestion that the reason he failed to join in this motion was because he did not "realize" that he was "suddenly a defendant in a live lawsuit again." Doc. #227 at 7. Dunne was a named defendant in this action from the start and was initially represented by the same counsel who filed the motion to dismiss the accounting claim in the first instance. *Compare* Doc. #5-1 *with* Doc. #55. It is not plausible that he has been unaware of developments in this action.

### CONCLUSION

For the foregoing reasons, Sean Dunne's motion to be dropped as a party defendant (Doc. #157) is DENIED.

It is so ordered.

Dated at New Haven this 8th day of April 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge