UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD M. COAN,
    *Plaintiff-Trustee*,

v.

SEAN DUNNE *et al.*,
    *Defendants*.

No. 3:15-cv-00050 (JAM)
Adv. Proc. No. 15-5019 (JAM) (consol.)

**OMNIBUS RULING ON DEFENDANTS' MOTIONS *IN LIMINE***

This is a financial fraud case that is related to bankruptcy proceedings involving real estate developer Sean Dunne. *See Coan v. Dunne*, 2019 WL 302674, at *1-*2 (D. Conn. 2019) (generally describing the history of this case). Defendants have filed numerous motions *in limine* with respect to the claims and evidence plaintiffs may introduce at trial. At a pretrial conference on April 26, 2019, I heard extensive oral argument from the parties on, *inter alia*, defendants' motions. As noted in the Court's memorandum of hearing and order (Doc. #426), I ruled on many of these motions at the hearing. I took under advisement defendants' motions *in limine* to preclude evidence as to Amrakbo (Doc. #368); Newinvest, the Bloem Settlement, and Yesreb (Doc. #370); 151 Milbank (Doc. #371); the Lagoon Beach Hotel and Belgravia House (Doc. #372); defendant Gayle Killilea's deposition testimony from the 151 Milbank bankruptcy proceeding (Doc. #373); the IGB Lands and Beara properties (Doc. #375); and evidence of subsequent financial transfers (Doc. #382). I also took under advisement defendant John Dunne's motion for judgment on the pleadings (Doc. #374). Having further considered the parties' arguments, I decide these motions now in this ruling.

1

### *Motion to limit evidence to claims in the complaints (Doc. #369)*

Although I ruled on this motion at the pretrial conference, I will discuss it briefly to help clarify my ruling as to the remaining motions *in limine*. Defendants filed this motion *in limine* to limit the evidence the Trustee presents at trial to the claims asserted in the claims in the removed state court proceeding, *see* Doc. #1-1, and bankruptcy adversary proceeding, *see* Doc. #189 to *Coan v. Killilea*, No. 15-05019 (Bankr. D. Conn. 2016), that have been consolidated before me, *see* Doc. #52. Courts routinely bar parties from raising new claims on the eve of trial, *see, e.g.*, *Rao v. Rodriguez*, 2017 WL 1403214, at *6 n.4 (E.D.N.Y. 2017); *Missigman v. USI Northeast, Inc.*, 131 F. Supp. 2d 495, 517-18 (S.D.N.Y. 2001), and the Trustee may not use the joint trial memorandum as a backdoor way of doing so. And for substantially the reasons stated by defendants, I rejected the Trustee's suggestion that I allow the Trustee to file a second amended complaint: allowing new claims after the close of discovery and less than a week before jury selection would cause defendants substantial prejudice. *See Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 460, 462-63 (S.D.N.Y. 2007) (Sullivan, J.).

Accordingly, I granted defendants' motion in part, insofar as to rule that the Trustee may not pursue any claims that he has not alleged in the operative complaints in this case. I also denied defendants' motion in part, insofar as my ruling on that motion does not necessarily preclude the Trustee from introducing any of the evidence discussed in that motion—or any other evidence—solely to prove up the claims that the Trustee has alleged. It is in light of this determination that I address the bulk of defendants' remaining motions *in limine*, which are—in large part—more specific instances of the same issues.

***Motion to preclude evidence as to Amrakbo (Doc. #368)***

Defendants' first motion *in limine* asks me to preclude as irrelevant and prejudicial evidence regarding the Irish corporate entity Amrakbo. Doc. #368 at 1. Amrakbo is not a party to this case, nor does the Trustee allege that Amrakbo was, itself, fraudulently transferred. *See* Doc. #1-1 at 1; Doc. #189 at 1 to *Coan v. Killilea*, No. 15-05019 (Bankr. D. Conn. 2016). Because I have limited the Trustee's claims to those alleged in the complaints, he may not add new claims against Amrakbo now. Still, Amrakbo is the subject of several factual allegations in the adversary complaint, such as the alleged funneling through Amrakbo of one of Sean Dunne's properties to Killilea. *See* Doc. #189 at 34 (¶ 63) to *Coan v. Killilea*, No. 15-05019 (Bankr. D. Conn. 2016). Because evidence should only be excluded on a motion *in limine* if it is inadmissible on all potential grounds, *see Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp. 3d 250, 257 (S.D.N.Y. 2015), I will grant defendants' motion only in part—as to evidence that is solely relevant to support claims against Amrakbo not alleged in the complaints—but will deny defendants' motion as to any evidence that involves Amrakbo that is used to prove claims as to different properties and entities that the Trustee has alleged.

***Motion to preclude as to Newinvest, the Bloem Settlement, and Yesreb (Doc. #370)***

Defendants' third motion *in limine* asks me to preclude as irrelevant and prejudicial evidence about three more companies: Newinvest, the Bloem Settlement, and Yesreb. Doc. #370 at 1. As with Amrakbo, none of these entities is a party to this case. But also as with Amrakbo, the Trustee has shown that evidence about each of them will be relevant to the claims the Trustee alleges. The Trustee alleges that defendants fraudulently transferred the property at 22 Stillman Lane in Greenwich, Connecticut, *see* Doc. #1-1 at 17-18 (¶¶ 68-74), and in factual allegations about that transfer, states that Newinvest was used to encumber the property as a mortgagee, *see*

Doc. #189 at 29 (¶ 124) to *Coan v. Killilea*, No. 15-05019 (Bankr. D. Conn. 2016). Although neither complaint mentions the Bloem Settlement by name, the Trustee argues that defendants used the Bloem Settlement as a vehicle to fund the purchase of properties in Connecticut that are discussed in the complaints, *see* Doc. #1-1 at 8-11 (¶¶ 28-36), and that evidence of defendants' use and control of the Bloem Settlement is relevant to the Trustee's fraudulent transfer claims. Doc. #408 at 8. Similarly, while neither complaint uses the name "Yesreb," the adversary complaint alleges that Sean Dunne fraudulently transferred the Walford property in Ireland "to an offshore entity," Doc. #189 at 32-33 (¶¶ 147, 153) to *Coan v. Killilea*, No. 15-05019 (Bankr. D. Conn. 2016), and seeks to recover from John Dunne as transferee, *id.* at 50 (¶¶ 308-10). The Trustee contends that discovery has revealed that Yesreb is a Cypriot entity to which Walford was transferred, and that John Dunne is the beneficiary of Yesreb. Doc. #408 at 9-10. Accordingly, I am persuaded that evidence involving each of Newinvest, the Bloem Settlement, and Yesreb may be relevant to proving the Trustee's existing claims. As with Amrakbo, I will therefore grant defendants' motion in part and deny it in part. The Trustee may present evidence about each of these entities that goes to prove the elements of the claims he alleges in the operative complaints. But he may not present any evidence that exceeds these bounds and goes to prove unalleged claims against or involving these entities.

### *Motion to preclude as to 151 Milbank (Doc. #371)*

Defendants' fourth motion *in limine* asks me to preclude evidence related to 151 Milbank, LLC on the ground that 151 Milbank is currently in bankruptcy and subject to an automatic bankruptcy stay. Doc. #371 at 1; *see* 11 U.S.C. § 362(a); *In re 151 Milbank, LLC*, No. 15-51485 (Bankr. D. Conn. 2015). But automatic stays generally apply only to claims involving the debtor, *see Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003), and the Trustee

maintains that the claims he intends to pursue at trial are not subject to the stay because they are only against other parties, and not 151 Milbank itself. Doc. #400 at 2-4. This action is, of course, stayed insofar as any claim might be asserted against 151 Milbank. But inasmuch as the adversary complaint includes, *inter alia*, factual discussions of 151 Milbank, *see* Doc. #189 at 32 (¶¶ 141-144) to *Coan v. Killilea*, No. 15-05019 (Bankr. D. Conn. 2016), I am persuaded that there may be evidence concerning 151 Milbank that is relevant to claims the Trustee is pursuing that are against other entities. Accordingly, I will grant defendants' motion to the extent that the Trustee may not introduce evidence that is only relevant to stayed claims against 151 Milbank (or any other claims not alleged in the complaint), but deny the motion insofar as the Trustee may introduce relevant evidence regarding 151 Milbank that goes to prove any non-stayed claims that the Trustee asserts in the two operative complaints.

### *Motion to preclude evidence as to IGB Lands and Beara properties (Doc. #375)*

Defendants' eighth motion *in limine* asks me to preclude the Trustee from introducing evidence about the IGB Lands and Beara properties on the ground that any claim as to these two properties is moot. Doc. #375 at 1. The Trustee has contested defendants' assertions of mootness, claiming in part that Killilea maintains an interest. Doc. #408 at 14-15. The Trustee's adversary complaint unambiguously asserts claims to both sets of properties. Doc. #189 at 47-49 (¶¶ 276-97) to *Coan v. Killilea*, No. 15-05019 (Bankr. D. Conn. 2016). Accordingly, should the validity of these claims be an issue at trial, evidence about the properties will be relevant. *See* Fed. R. Evid. 401. By asking me to rule that evidence of these alleged transfers is irrelevant because the Trustee's claims are moot, defendants have attempted to package a motion for summary judgment in the form of a motion *in limine*. But "an *in limine* motion is generally not the appropriate vehicle for effecting the dismissal of entire claims," *MF Global Holdings Ltd. v.*

5

*PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 578 (S.D.N.Y. 2017), and dismissal of a claim on an *in limine* motion lacks the procedural safeguards of Rule 56. *See C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). I will therefore deny defendants' motion, and allow the Trustee to present evidence as to the IGB Lands and Beara properties relevant to the claims for the fraudulent transfer of those properties he alleges.

### *Motion to preclude evidence as to Lagoon Beach and Belgravia (Doc. # 372)*

Defendants' fifth motion *in limine* asks me to preclude evidence relating to the Lagoon Beach Hotel and Belgravia House properties. Doc. #372 at 1. Defendants first point out that the only references to the Lagoon Beach Hotel are discussions in the factual sections of the pleadings. *See* Doc. #189 at 15, 19 (¶¶ 48, 68) to *Coan v. Killilea*, No. 15-05019 (Bankr. D. Conn. 2016). Belgravia is not mentioned at all in any of the complaints. In line with my rulings on defendants' motions *in limine* as to other properties, the Trustee may not assert a claim for the fraudulent transfer of the Lagoon Beach Hotel or Belgravia, nor may he introduce evidence that would only be relevant to proving such unalleged claims.

The Trustee does, however, assert claims for unjust enrichment, *see id.* at 50-51 (¶¶ 311-13); Doc. #1-1 at 20 (¶¶ 82-85), and so argues that transfers involving Lagoon Beach and Belgravia are relevant to those claims. Doc. #408 at 8-9. Notwithstanding that "[a] fraudulent transfer claim shares many features of a claim for unjust enrichment, . . . courts have refused to dismiss unjust enrichment claims on the basis that they were duplicative of fraudulent transfer claims, noting that it is conceivable that the plaintiff could recover under one theory but not the other." *In re Hellas Telecomms. (Lux.) II SCA*, 535 B.R. 543, 585 (Bankr. S.D.N.Y. 2015) (internal quotations omitted). Accordingly, the fact that the complaints do not have fraudulent

6

transfer claims specifying Lagoon Beach and Belgravia does not mean that evidence concerning Lagoon Beach and Belgravia cannot be admissible to support an unjust enrichment claim.

Still, there is an additional timing concern here. Even if transfers involving Lagoon Beach and Belgravia may be relevant to a claim for unjust enrichment, the claim for unjust enrichment is subject to the inherent temporal limits of the complaints themselves. That is, when a civil complaint for money damages or recovery is filed, the presumptive basis for imposing liability must be conduct that has occurred at some point *before* the filing of the complaint. A principal function of a complaint is to serve fair notice on a defendant of the alleged wrongful acts for which a plaintiff seeks relief, and fair notice does not allow for a defendant to be subject to liability on the basis of transactions have not been alleged in the complaint and that have occurred only after the filing of the complaint.

Of course, this is not to say that after-occurring acts are never relevant or admissible at trial. They may well be relevant to damages. Or they may well be relevant if they retrospectively shed light on the significance and nature of acts that are within the temporal scope of the complaint. *See, e.g.*, Fed. R. Evid. 404(b) (allowing "other act" evidence for purposes including "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). In light of this framework and to the extent that evidence concerning Lagoon Beach and Belgravia involves acts or transactions occurring after the filing of the operative complaints, I conclude that evidence concerning Lagoon Beach and Belgravia may be admitted only to the extent that such evidence is shown to be linked to and therefore to help explain the nature or significance of acts that occurred and were charged in the operative complaints.

Post-complaint transactions may be relevant to the Trustee's claim for constructive trust. But "[a] constructive trust is a remedy, not an independent substantive cause of action." *Carney v. Lopez*, 933 F. Supp. 2d 365, 384 (D. Conn. 2013) (dismissing claim for constructive trust and converting it to a request for a remedy). Constructive trusts are designed to prevent unjust enrichment, and "[a] claimant entitled to restitution from property may obtain restitution from any traceable product of that property, without regard to subsequent changes of form." *Town of New Hartford v. Conn. Res. Recovery Auth.*, 291 Conn. 433, 466 (2009). Because of the fact-intensive nature of this tracing, the Trustee should be prepared to establish that there is a genuine basis to conclude that any post-complaint evidence concerning Lagoon Beach or Belgravia would be sufficient to allow for the imposition of a constructive trust.

In short, I will grant in part and deny in part defendants' motion to preclude evidence relating to the Lagoon Beach Hotel and Belgravia House properties. The motion is granted to the extent that the Trustee offers such evidence to prove an unalleged claim. The motion is denied to the extent that the Trustee establishes the relevance of such evidence to those claims actually alleged in the operative complaints and subject to the limitations described above.

### *Motion to preclude evidence as to subsequent transfers (Doc. #382)*

Defendants' fourteenth motion *in limine* asks me to preclude evidence of "subsequent transfers of property and assets." Doc. #382 at 2. Defendants' motion is quite general, but as best I can tell, defendants mean that I should preclude as irrelevant evidence of any transfers of assets not explicitly set out as counts of fraudulent transfers or described through factual allegations in the complaints. The Trustee, on the other hand, argues that his claim under 11 U.S.C. § 550 allows him to recover for certain subsequent transfers from defendants, and that evidence of subsequent transfers is also probative of his other claims. Doc. #408 at 13.

The subsequent transfers the parties put at issue fall into two groups. The first are those transfers that took place after the adversary complaint was filed—April 12, 2016. *See* Doc. #189 at 56 to *Coan v. Killilea*, No. 15-05019 (Bankr. D. Conn. 2016). The adversary complaint does not allege any particular events—let alone transfers—that took place after 2014, nor does it allege defendants to be engaged in a process of making transfers going forward from the date of the complaint.

While limited authority suggests that the Uniform Fraudulent Transfer Act may allow a plaintiff to seek recovery for transfers made after the filing of the complaint, *see Titus v. Shearer*, 498 B.R. 508, 514 (W.D. Pa. 2013), that case took place in the context of a continuing series of wage payments from a single checking account, *see id.* at 512, with a clear allegation that the defendant "transacted and continues to transact these transfers," *In re Titus*, 566 B.R. 755, 763 (Bankr. W.D. Pa. 2017). Here, the Trustee can at best point to his state court complaint, which requests an injunction and includes the argument that injunctive relief is necessary to "enforce and collect on any judgment" given the Dunnes' "ability to freely purchase, transfer and dissipate assets," Doc. #1-1 at 15-16 (¶ 54), but which does not itself allege any ongoing transfers, and certainly does not notice ongoing liability for the many transfers included in the adversary complaint.

I therefore conclude that because transfers taking place after April 12, 2016, are not included within the scope of the complaints, they cannot be, themselves, the basis for liability— and so evidence of transfers after the date of the complaints that would only go to prove such claims is irrelevant. That is of course not to say that any evidence of those transfers is irrelevant. Rather, as I have already explained above with respect to defendants' motion re Lagoon Beach

and Belgravia, evidence about post-adversary complaint transfers is only relevant if it goes to prove up some element of or the remedy for one of the claims the Trustee has alleged.

The second group of transfers includes those transfers that may not be explicitly laid out in the adversary complaint as a basis for liability, but which took place before April 12, 2016. As with transfers postdating the adversary complaint, evidence about these transfers may be relevant if it bears on the claims for fraudulent transfers or on other counts that the Trustee explicitly alleges.

But there is a key additional way in which these transfers may serve as a basis for liability. Count XXVIII of the adversary complaint asserts a claim for recovery of avoided transfers under 11 U.S.C. § 550(a), which allows a trustee to recover on avoided transfers not just from the initial transferee, but also from "any immediate or mediate transferee of such initial transferee." *Id.* at § 550(a)(2); Doc. #189 at 50 (¶ 310) to *Coan v. Killilea*, No. 15-05019 (Bankr. D. Conn. 2016). The Trustee cannot, of course, recover from any subsequent transferee that is not a party to this action. But this provision does put defendants on notice of the Trustee's intent to seek recovery for subsequent transfers *between* them, such that evidence about those transfers is relevant, and the Trustee may also introduce that sort of evidence at trial.

In short, I will grant in part and deny in part defendants' motion to preclude evidence of subsequent transfers. The motion is granted to the extent that the Trustee would offer evidence of post-complaint transfers that are not relevant to transfers that are within the temporal scope of the complaint. The motion is denied to the extent that the Trustee may offer evidence of transfers (and subsequent transfers) within the scope of the complaint.

***John Dunne's motion for judgment on the pleadings (Doc. #374)***

Having considered defendants' motions *in limine* as to the scope of the claims in this case, I turn now to two remaining issues. I first address John Dunne's motion for judgment on the pleadings. The principles that govern a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are well established. The Court must accept as true all factual matters alleged in a complaint and draw all reasonable inferences in favor of the non-moving party, although a complaint may not survive are enough to state plausible grounds for relief. *See, e.g.*, *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018). John Dunne argues that he should be dismissed from this action principally because, he contends, the Trustee does not level any claims against him with respect to any fraudulent transfers. Doc. #374 at 6. I do not agree. The adversary complaint alleges that Sean Dunne transferred Walford to "an offshore entity," *see* Doc. #189 to *Coan v. Killilea*, No. 15-05019, at 32-33 (¶¶ 147, 153), and also alleges that John Dunne was a transferee of various pleaded transfer properties, *see id.* at 50 (¶¶ 307-10). The Trustee argues that discovery has revealed that Walford was transferred to the Cypriot offshore entity Yesreb, and that John Dunne is the purported beneficiary of Yesreb. Doc. #408 at 9-10, 16. Because on a motion for judgment on the pleadings I must construe all inferences of fact in favor of the Trustee, I conclude here that John Dunne fails to show that the trustee has no plausible grounds for relief, and so will deny his motion for judgment on the pleadings. Accordingly, I also do not find evidence of claims the Trustee alleges against John Dunne to be irrelevant. Therefore, I will deny the motion to dismiss claims against John Dunne and/or to exclude evidence against John Dunne.

### *Motion to preclude as to Killilea's 151 Milbank deposition testimony (Doc. #373)*

Defendants also move *in limine* to preclude Gayle Killilea's deposition testimony from the 151 Milbank bankruptcy proceeding under Federal Rule of Civil Procedure 32(a). Doc. #373 at 1. Under Rule 32(a)(1), a party opponent's deposition testimony may be used against that party when the party is: (a) represented at the deposition or had reasonable notice of it; (b) the deposition testimony is consistent with the admissibility requirements of the Federal Rules of Evidence; and (c) the use is allowed by Rule 32(a)(2)-(8). Rule 32(a)(8) requires that depositions in an earlier action "may be used in a later action involving the same subject matter between the same parties, or their representative or successors in interest, to the same extent as if taken in the later action."

The requirements of Rule 32(a) are satisfied here. Although Killilea contends she had inadequate notice of the deposition and was not personally represented, the Trustee's submissions make clear that her counsel was notified the day beforehand, *see* Doc. #398-1, and she and her counsel had the opportunity to have counsel accompany Killilea if they wished. The use of the deposition is certainly compatible with the Federal Rules of Evidence: Killilea is a party to this case, and pursuant to Federal Rule of Evidence 801(d)(2), party opponent statements are not subject to the general rule against hearsay.

As for Rule 32(a)(8), "[t]he same subject matter and same parties requirements have been construed liberally in light of the twin goals of fairness and efficiency." *Dist. Attorney v. Republic of the Philippines*, 307 F. Supp. 3d 171, 209 (S.D.N.Y. 2018). "The accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit. Consequently, courts have required only a substantial identity of issues, and the presence of an adversary with the same motive to cross-examine the

deponent." *Fed. Housing Fin. Agency v. Merrill Lynch & Co., Inc.*, 2014 WL 798385, at *1 (S.D.N.Y. 2014) (quoting *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982)).

I am satisfied that there is a substantial overlap of issues between this case and the 151 Milbank bankruptcy. In *Republic of the Philippines*, the court concluded that the alleged theft of and subsequent dispute over the rights to the same contested property across different cases were sufficiently similar issues for purposes of Rule 32(a)(8). *See* 307 F. Supp. 3d at 209. In the 151 Milbank case, the Bankruptcy Court stayed the action after noting that "[a]t almost every hearing . . ., the Trustee has argued that the Debtor and its assets are truly the assets of Mr. Dunne," and then went on to conclude that the result of this case would govern how all of 151 Milbank's assets would be distributed. *See* Doc. #521 at 1, 4-5 to *In re 151 Milbank, LLC*, No. 15-51485 (Bankr. D. Conn. 2018). Particularly in light of counsel's representations about the subject matter of questioning to be introduced in this case—Killilea's familiarity with Yesreb—I am persuaded that the nexus between this case and the 151 Milbank bankruptcy is tight enough that the issues substantially overlap. And there is little doubt that an adversary was present with appropriate motive to cross-examine Killilea: Coan is also the Trustee in the 151 Milbank bankruptcy. *See* Doc. #398-1 at 2. As such, because of the liberal construction undergirding Rule 32(a)(8) and the significant overlap of issues, parties, and counsel with this case, I am persuaded that under Rule 32(a)(8), Killilea's deposition testimony as described by counsel at the pretrial hearing may be used to the same extent as if it were taken in this case. I will therefore deny defendants' motion to preclude the Gayle Killilea deposition transcript from the 151 Milbank bankruptcy (insofar as those portions of the transcript that the Trustee offers are relevant to claims at issue in this action).

## CONCLUSION

For the reasons stated above, defendants' motions to preclude evidence as to Amrakbo (Doc. #368); Newinvest, the Bloem Settlement, and Yesreb (Doc. #370); and 151 Milbank (Doc. #371) are GRANTED IN PART and DENIED IN PART as described in this ruling. Defendants' motion to preclude evidence as to the IGB Lands and Beara properties (Doc. #375) is DENIED. Defendants' motions to preclude evidence as to Lagoon Beach and Belgravia (Doc. #372); and as to subsequent transfers (Doc. #382) are GRANTED IN PART and DENIED IN PART as described in this ruling. John Dunne's motion for judgment on the pleadings (Doc. #374) is DENIED. Defendants' motion to preclude the 151 Milbank deposition testimony of Gayle Killilea (Doc. #373) is DENIED.

It is so ordered.

Dated at New Haven this 3d day of May 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge