# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

RICHARD M. COAN,
    *Plaintiff-Trustee*,

v.

SEAN DUNNE *et al.*,
    *Defendants*.

No. 3:15-cv-00050 (JAM)
Adv. Proc. No. 15-5019 (JAM) (consol.)

## ORDER RE ADMISSION OF FAMILY LAW DOCUMENTS

This is an action by the Bankruptcy Trustee principally alleging fraudulent transfers of money and property by Sean Dunne to his wife Gayle Killilea and others. *See Coan v. Dunne*, 2019 WL 302674, at *1-*2 (D. Conn. 2019) (generally describing the history of this case). Defendants have now moved *in limine* (Docs. #445 and #457) to preclude the admission of certain "family law documents" that have been produced to the Trustee in redacted form from the family law courts in Ireland and Switzerland. The Trustee in turn has filed a sealed memorandum (Doc. #454) regarding the family law documents that explains the basis for which the Trustee believes each of the proposed family law exhibits are admissible, and the Trustee has also separately moved that the family law documents be admitted under seal consistent with the confidentiality protections of Irish and Swiss law (Doc. #417).[1]

---

[1] Because the content of these documents is subject to protection from public disclosure under Irish law, this ruling will not discuss the specific contents of each document. Defendants' motions do not reference the content of any particular document (nor have defendants availed themselves of their right to have made such content-specific arguments by way of sealed filings), and therefore—except to the extent already raised by counsel during trial proceedings today as to Exhibit #1143—the Court does not understand defendants' objections to the admission of the documents to pertain to the content of any particular family law document that the Trustee proposes to introduce at trial.

1

*Motions in limine to preclude admission of family law documents*

I have reviewed each of the Trustee's family law document exhibits (Exhs. #71, #235, #445, #475, #716, #916, #1083, #1142, #1143, #1392, #2074, #2122 and #2123). For the reasons set forth at length in the Trustee's memorandum, I conclude pursuant to Federal Rule of Evidence 401 that each of these documents is relevant. These documents are highly probative to the extent that they reflect on the financial condition and the assessment by Sean Dunne and Gayle Killilea of their financial conditions during time periods that are at issue in this litigation. In addition, these documents also shed light on the nature of the relationship between Sean Dunne and Gayle Killilea, which may be significant to the jury's consideration of the intent underlying the transactions at issue in this case.

Although defendants contend that the family law documents will be unfairly prejudicial under Federal Rules of Evidence 403 and 404(b), they do not particularize why this is so. My own review of these documents does not disclose scandalous or inflammatory material that might tempt the jury to reach a verdict on grounds not properly relevant to this litigation. Any possibility of unfair prejudice does not substantially outweigh the probative value of these documents.

Defendants complain that the family law documents have been redacted and that they should have access to the unredacted versions. According to the Trustee, however, defendants have previously had such access to the unredacted versions of the documents, and it seems to me that this is self-evidently so because Dunne himself was a party to the Irish family court proceedings and Killilea was a "notice party" who furnished statements for these proceedings. The redactions were not made by the Trustee, and I am not convinced that the redactions are unfair to any party.

Relatedly, defendants complain that the rule of completeness under Federal Rule of Evidence 106 requires the production or use at trial of unredacted versions of the documents. *See United States v. Coplan*, 703 F.3d 46, 84-85 (2d Cir. 2012). According to the Trustee, however, the redactions in these documents were performed in the first instance by Dunne and Killilea prior to their production to NAMA and ultimately to the Trustee. Doc. #454 at 5. And because defendants do not demonstrate prejudice from any redactions, there is no basis to conclude that the fairness concerns of Rule 106 are implicated here.

Defendants also complain that the Trustee has "cherry picked" certain family law documents to be introduced in this case while not seeking to introduce others. But they do not explain or substantiate their claim that there are additional family law documents to which they do not have access that would be helpful to them. For example, the Killilea defendants argue that "thousands of Family Law Documents and court transcripts tell a different story," Doc. #457 at 2, but then do nothing to describe what "story" such "thousands" of documents would tell. Again, Dunne and Killilea were participants in these family law proceedings, and their failure to articulate what additional family law documents would be helpful to them suggests that there is little of substance to the stated concerns.

In short, I will deny defendants' motions to preclude the family law documents. I conclude that they are relevant under Rule 401, that they are not unfairly prejudicial under Rule 403 or Rule 404(b), and that their admission in redacted form will not violate the rule of completeness under Rule 106.[2]

---

[2] Because defendants do not raise any authenticity or hearsay challenge, I consider any such objections to be forfeited as to the documents specified in Dunne's motion. Doc. #445 at 1, n.1. The Trustee's memorandum identifies two additional family law documents (Exhs. #2122 and #2123) that were authored by non-judicial persons who are not parties to this litigation. As noted during the course of today's trial proceedings, the Court will allow for defendants to object to these two documents on hearsay grounds, and counsel should be prepared to assert such a hearsay objection and to respond to such an objection if made.

*Sealing of family law documents and related testimony and presentation*

In accordance with the protections of the "*in camera* rule" required under Irish and Swiss law for family court proceedings, I will grant the Trustee's motion (Doc. #417) to admit the family law documents under seal and with instructions to the jury concerning their highly confidential nature. At such time that the Trustee seeks to introduce any family law document and that any party wishes to question any witness with specific reference to such documents, counsel shall first seek leave of the Court to seal the courtroom solely for this limited purpose and duration. Similarly, to the extent that counsel wishes to make specific reference to the family law documents during the course of arguments to the Court or any opening and closing statement to the jury, counsel shall seek leave of the Court to seal the courtroom solely for this limited purpose and duration.

In light of Irish and Swiss law and very specific requests received from Irish courts and authorities for the treatment of family law records (Doc. #436 at 14-15), as well as the traditional protections accorded to family law matters under U.S. law, I conclude that there are compelling reasons to allow the family law documents and related testimony to be received into evidence under seal and notwithstanding the presumptive right of public access under the First Amendment and common law to judicial documents and proceedings. *See Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 164-65 (2d Cir. 2013). Moreover, I conclude that the sealing measures outlined in this ruling are narrowly tailored to serve these compelling reasons for sealing. I do not agree with the Trustee's and Killilea defendants' suggestion that the *entire* trial should be closed to the public, because this measure would be overbroad and inconsistent with the right of public access to federal court proceedings.

**CONCLUSION**

For the foregoing reasons, except to the extent that this ruling allows for defendants to interpose certain objections to Exhibits #1143, #2122 and #2123, the Court DENIES defendants' motions *in limine* to preclude admission of family law documents (Docs. #445 and #457). The Court GRANTS the Trustee's motion to seal and protect the confidentiality of the family law documents (Doc. #417).

It is so ordered.

Dated at New Haven this 6th day of May 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge