# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD M. COAN,<br>    *Plaintiff-Trustee*,<br><br>v.<br><br>SEAN DUNNE *et al.*,<br>    *Defendants*. | No. 3:15-cv-00050 (JAM)<br>Adv. Proc. No. 15-5019 (JAM) (consol.) |

**ORDER DENYING TRUSTEE'S MOTIONS RE FOREIGN JUDGMENTS**

This is an action by Bankruptcy Trustee Richard M. Coan principally alleging fraudulent transfers of money and property by Sean Dunne to his wife Gayle Killilea and others. *See Coan v. Dunne*, 2019 WL 302674, at *1-*2 (D. Conn. 2019) (generally describing the history of this case). The Trustee has now moved to give preclusive effect as to certain findings made by an Irish court in parallel Irish bankruptcy proceedings (Doc. #471), and in the alternative to introduce the Irish court's ruling into evidence (Doc. #461). For the reasons stated herein, I will deny both of the Trustee's motions but allow for limited cross-examination of Dunne about the Irish court's finding that he failed to cooperate with the Official Assignee in the realization of assets and hid from or failed to disclose assets of which could be realized for the benefit of his creditors.

## BACKGROUND

This case arises from the parallel bankruptcies of Sean Dunne in the United States and in the Republic of Ireland. *See In re Dunne*, 13-50484 (Bankr. D. Conn. filed Mar. 29, 2013); *In re Dunne (A Bankrupt)* 2013 Bankr. No. 2478 (H. Ct.) (Ir.). For the past several years the cases have progressed in tandem both here and in Ireland. On October 2, 2018, the High Court of Ireland issued a 97-page ruling that postponed Dunne's automatic discharge from bankruptcy

and ordered certain bankruptcy payments. *See* Doc. #471-1 at 1 (¶ 1). In doing so, the High Court (*Costello*, *J.*) concluded in relevant part that Dunne had failed to cooperate with and hidden from or failed to disclose to the Irish Official Assignee income or assets which could be realized for the benefit of his creditors. *Id.* at 79 (¶ 188).

The Trustee initially moved to introduce the whole judgment of the High Court into evidence. Doc. #461 at 1. After further briefing and discussion with the Court and opposing counsel at trial, the Trustee has since moved to give preclusive effect to certain of the High Court's findings, Doc. #471 at 6-8, while maintaining that this Court may still admit the judgment into evidence, Doc. #480 at 4 n.1. In particular, the Trustee requests that the Court instruct the jury as to the High Court's findings regarding various factual particulars of Dunne's noncooperation with the Official Assignee. These include the High Court's conclusions (relying on those made by the U.S. Bankruptcy Court for the District of Connecticut) that Dunne had withheld his residential address, Doc. #471 at 7 (citing Doc. #471-1 at 84 (¶ 192(3))), been uncooperative with the Trustee in the United States and provided inaccurate statements at creditor meetings, *ibid.* (citing Doc. #471-1 at 84-86 (¶ 192(4))), made dishonest statements to the Official Assignee, *id.* at 8 (citing Doc. #471-1 at 87-88 (¶ 192(6))), and that Dunne had only selectively chosen to comply with the law, *ibid.* (citing Doc. #471-1 at 88 (¶ 192(7))). Defendants have objected to both motions.

## DISCUSSION

The doctrine of offensive collateral estoppel allows a plaintiff to preclude a defendant from relitigating an issue that has been previously decided against the same defendant. *See Parklane v. Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979). For a plaintiff like the Trustee to apply collateral estoppel offensively against a defendant, "(1) the issues in both proceedings
2

must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits." *Flood v. Just Energy Marketing Grp.*, 904 F.3d 219, 236 (2d Cir. 2018). In addition to these four factors, "a court must also satisfy itself that application of offensive collateral estoppel is fair." *Ibid.* The trial court "is generally accorded broad discretion in determining whether or not collateral estoppel should apply in a given case." *Ibid.*[1]

I decline to apply collateral estoppel to give *preclusive* effect to the High Court's findings. As an initial matter, I am not convinced that the issues in both proceedings are identical. The facts found by the High Court relating to Dunne's post-petition failure to cooperate and failure to be truthful are relevant to the trial in this action, but they are not factual determinations that the jury will be required to determine as a part of this trial. The factual findings made by the High Court do not establish any element of the alleged fraudulent transfers at issue in this case or elements of any other cause of action now before this Court for trial.

Nor am I convinced that it would be fair for me to instruct the jury that the High Court's factual findings are conclusive in this case. First, Dunne has appealed the High Court's judgment, and the appeal remains pending.[2] Although a judgment is typically final for purposes of preclusion notwithstanding appeal, *see Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015),

---

[1] Although the parties have cited to cases decided under the standards of each jurisdiction, the parties have not discussed whether the preclusive effect of the High Court's judgment should be evaluated under Irish, federal, or Connecticut law. In the absence of instruction on foreign law, I will assume that U.S. law applies here. *See In re Parmalat*, 383 F. Supp. 2d 587, 595 (S.D.N.Y. 2005) ("Where, as here, there is a failure of proof of foreign law, the court may presume that it is the same as local law."). Inasmuch as the parties have briefed the issues under federal law and suggested that "[t]he doctrine of collateral estoppel is virtually identical under federal law and Connecticut law," Doc. #471 at 4, I will apply the federal standard here as the Second Circuit did in *Flood*.

[2] *See* Doc. #474 at 3; *Court of Appeal: 14th May 2019 Civil*, COURTS SERV. IR., http://www.courts.ie/legaldiary.nsf/0/CC733DD602EC99D3802583F900536CDC (listing hearing for *In re Dunne (A Bankrupt)*, 2018 442 (CA) (Ir.) on December 18, 2019).

the pendency of an appeal may nonetheless make it unfair to apply collateral estoppel offensively against a party. *See Flood*, 904 F.3d at 237.

In addition, because of the categorically preclusive nature of a collateral estoppel finding, a finding of collateral estoppel would apply not only to Dunne but also to all other defendants in this action and who were not themselves parties to the Irish bankruptcy proceedings. This raises additional fairness concerns. *See In re Vivendi Universal, S.A. Secs. Litig.*, 910 F. Supp. 2d 500, 506 (S.D.N.Y. 2012) (noting unfair prejudice to co-defendants at joint trial if jury is instructed by means of collateral estoppel finding that another defendant engaged in dozens of prior false statements); *cf. Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 327 F.3d 173, 184-85 (2d Cir. 2003) ("a determination in a prior judicial proceeding collaterally estops a claim by a nonparty only if that nonparty was represented by a party to the prior proceeding, or exercised some degree of actual control over the presentation on behalf of a party to that proceeding").

I am also persuaded that Rule 403 warrants precluding the Trustee from introducing the *entire* 97-page ruling of the High Court into evidence. I share the concerns of the district court in *Moore v. Hartman*, 102 F. Supp. 3d 35, 143-44 (D.D.C. 2015), about the possibility for unfair prejudice whenever a jury is apprised of adverse findings against a party by a judge in another related case, especially where—as here—the judge's findings are expressed at times by way of highly caustic commentary. My concerns are heightened as well by the sheer length of the High Court's ruling and the burden it would place on the jury to review it in its entirety.

The next consideration is whether the Trustee may refer at all to the High Court's findings in the course of his cross-examination of Dunne. I conclude that he may do so but

4

subject to the limitations I will describe that are intended to prevent undue prejudice.[3]

It is well-established that "a witness can be cross-examined based on prior occasions when his testimony in other cases had been criticized by a court as unworthy of belief." *United States v. White*, 692 F.3d 235, 248 (2d Cir. 2012) (cleaned up). When a court is deciding whether to permit such cross-examination, a court should consider the following factors: "(1) whether the prior judicial finding addressed the witness's veracity in that specific case or generally; (2) whether the two sets of testimony involved similar subject matter; (3) whether the lie was under oath in a judicial proceeding or was made in a less formal context; (4) whether the lie was about a matter that was significant; (5) how much time had elapsed since the lie was told and whether there had been any intervening credibility determination regarding the witness; (6) the apparent motive for the lie and whether a similar motive existed in the current proceeding; and (7) whether the witness offered an explanation for the lie and, if so, whether the explanation was plausible." *Id.* at 249 (internal quotation marks omitted).

In light of my consideration of these several factors, I conclude it is appropriate for the Trustee to cross-examine Dunne as to limited aspects of the High Court's specific findings that he was untruthful and uncooperative. First, the Trustee's cross-examination may reference the fact that there was a ruling by a justice of the High Court of Ireland in Dunne's Irish bankruptcy proceeding on October 2, 2018. Second, the Trustee may ask Dunne if it is true that the High Court made a factual finding that during the course of the Irish bankruptcy proceedings Dunne "failed to cooperate with the Official Assignee in the realization of assets of [his] and has hidden from or failed to disclose assets of [his] which could be realised for the benefit of his creditors."

---

[3] As Dunne's briefing concedes, it is permissible for the Trustee to cross-examine Dunne on the basis of his own prior statements during the course of the bankruptcy proceedings. This ruling address solely whether part of the Trustee's cross-examination may also reference the High Court's ruling and specific factual findings.

Doc. #471-1 at 60 (¶ 134); *id.* at 79 (¶ 188) (same).

In order to minimize the possibility of mischaracterization of the High Court's findings, the Trustee's questions that relate to the High Court's ruling must substantially track the words of the limited portions of the ruling that I have specifically quoted above. The Trustee may not introduce any portion of the High Court's ruling as a separate document into evidence. If Dunne professes lack of knowledge of the High Court's ruling or this specific finding, then the Trustee may confront Dunne with the specific document to refresh his recollection. Absent further leave of Court, the Trustee may not otherwise refer to other adverse findings or passages from the High Court's ruling.

If the Trustee decides to impeach Dunne with the High Court's finding, I will upon request issue a cautionary instruction to the jury that any finding by the High Court in Ireland is not binding on the jury and that any such finding by the High Court should be considered solely for the limited purpose of evaluating Dunne's credibility as a witness in this case. Because I have declined to give collateral estoppel effect to the High Court's findings, Dunne is free (if he has a good faith basis to do so) to disagree with or dispute the basis for the High Court's findings.

## Conclusion

For the reasons stated above, the Trustee's motions to introduce the High Court's judgment as evidence (Doc. #461) and for collateral estoppel as to the High Court's judgment (Doc. #471) are DENIED. The Trustee may, however, engage in a limited cross-examination of

6

Dunne as to the High Court's findings as described in this ruling.

It is so ordered.

Dated at New Haven this 15th day of May 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge