UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD M. COAN,
    *Plaintiff-Trustee*,

v.

SEAN DUNNE *et al.*,
    *Defendants*.

No. 3:15-cv-00050 (JAM)
Adv. Proc. No. 15-5019 (JAM) (consol.)

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO PRECLUDE EXPERT TESTIMONY OF JOHN WYLIE**

This is a case principally involving allegations that a debtor named Sean Dunne engaged in numerous fraudulent transfers of property in order to evade his obligations to creditors. *See Coan v. Dunne*, 2019 WL 302674, at \*1-\*2 (D. Conn. 2019) (generally describing the history of this case). The plaintiff is the U.S. Bankruptcy Trustee, and the defendants include Sean Dunne, his spouse Gayle Killilea, his son John Dunne, and various corporate entities. The trial of this case is now in progress.

The largest of the alleged fraudulent transfers at issue in this case is that of a very expensive home known as "Walford" in Dublin, Ireland. The Court has already received into evidence numerous documents reflecting and relating to a purchase transaction for Walford in 2005 and its later disposition in 2013 on the same that day Sean Dunne filed for bankruptcy. There are related documents that purportedly reflect an intent of Sean Dunne to purchase Walford in trust for Gayle Killilea, as well as documents reflecting Dunne's payments for the property in 2006, the use of nominee companies (Matsack Nominees Ltd. and Yesreb), and many more additional documents written by various parties relating to the purpose and nature of Dunne's and Killilea's dealings with Walford.

1

Defendants have proposed to call an expert witness, Professor John Wylie, who has authored books on Irish property law. Defendants propose that Wylie testify as an expert "to cover general principles of Irish law and practice relating to land law, trust law and conveyancing and in particular their application to the conveyancing and ownership of the property known as Walford on Shrewsbury Road, Dublin between the years 2005 and 2013." Doc. #440 at 1. The Trustee in turn has moved *in limine* to preclude Wylie's testimony. Doc. #361. After the Court required defendants to amend their expert disclosure to narrow the proposed scope of Wylie's testimony, Doc. #426, defendants filed an amended disclosure notice, Doc. #440, and the Trustee in turn has filed a supplemental memorandum raising continuing objections to Wylie's proposed testimony, Doc. #475.

## DISCUSSION

The Federal Rules of Evidence provide that expert testimony is admissible if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702. "Testimony is properly characterized as 'expert' only if it concerns matters that the average juror is not capable of understanding on his or her own." *United States v. Mejia*, 545 F.3d 179, 194 (2d Cir. 2008).

When a court is faced with a request to allow expert testimony about the law (as distinct from expert testimony about scientific or other non-legal concepts), the court must consider the request very carefully because of the danger that the expert's testimony may intrude on the court's own role to instruct the jury about the law that applies to the case. It is obvious, however, that many cases may require a jury to have some understanding of background legal concepts and related practices in order for the jury to make its ultimate factual assessments. This is especially true where there are background or subsidiary principles of law that may govern or

influence the parties' conduct but that are not directly at issue with respect to the law that will form the basis for final jury instructions. *See, e.g.*, *SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258, 268 (D. Conn. 2017) (discussing how expert may testify in corporate fraud case about background corporate governance concepts such as "the respective roles of a corporation's directors and officers, the nature of an officer's fiduciary duties to the corporation, or the concept of parent-subsidiary corporate separateness"). Thus, such "expert testimony may help a jury understand unfamiliar terms and concepts" and is permissible if "carefully circumscribed to assure that the expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) (opinion of Cardamone, J.).

The Trustee does not challenge Wylie's expert qualifications with respect to Irish real estate law, and it is readily evident to me that the legal requirements and ordinary practices for Irish real estate transactions are well beyond the ken of the average juror. Moreover, I think that expert testimony about these requirements and practices would be helpful to the jury's ultimate consideration of whether the Walford transaction was fraudulent (an issue that Wylie will not testify about).

The jury has been confronted with a bewildering array of transaction documents spanning several years from 2005 to 2013. On the one hand, the Trustee contends that this intricate transaction pattern is indicative of fraud. On the other hand, defendants insist that the pattern reflects customary trust and conveyancing practices that are not indicative of fraud.

In my view, it is appropriate to allow defendants to call Wylie to explain the underlying legal requirements for Irish real estate transactions and to explain, for example, how parties may lawfully use trust and/or nominee arrangements, how parties may engage in a practice referred to

by the defendants as "resting on the contract," and how Irish law and practice in general recognizes the formal passing or conveyance of legal title.

Such testimony about the legal requisites and practices under Irish law would not usurp or intrude on the jury's ultimate role to decide if the Walford transaction was fraudulent. Indeed, regardless whether the Walford transaction complies on its face in all respects with Irish real estate law, it is a separate issue whether an otherwise lawful transaction was nonetheless engaged in with a fraudulent intent to defeat the interests of Dunne's creditors. Still, to the extent that the Trustee would argue directly or by implication that the intricacies or particulars of the Walford transaction (such as the use of a trust and nominee arrangement) suggest fraudulent intent, defendants have a legitimate interest in responding to this argument by means of expert testimony about the underlying requisites and practices for real estate transactions in Ireland.

All that said, I am not convinced that Wylie should be permitted to testify about or with reference to the actual documents and evidence in this case (unless the Trustee's cross-examination opens the door to such testimony). Defendants' revised disclosure for Wylie's testimony reveals multiple ways in which Wylie could explain the requirements and practices for Irish real estate transactions without the need to comment on whether any particular document in this case is consistent with the law or standard practices.

For example, Wylie may permissibly testify that "there is no legal requirement that a reference to a purchaser entering into a contract as a trustee should be in a contract to purchase real property in order to create a trust." Doc. #440 at 4. He may further testify that "the creation of a trust under Irish law of an interest in land in favor of another party does not require a formal declaration or trust deed," and that all the law "requires is that there is some written evidence of the existence of a trust signed by the person creating it." *Ibid.*

4

He may further testify, in the context of a purchase of real estate by a trustee, that "[b]y virtue of the payment of the full purchase price, under Irish law as it was understood at that time, the purchaser becomes the full equitable or beneficial owner of the real property," while "[t]he vendors h[o]ld the legal title as bare trustees for him." *Ibid.* Likewise, by way of background, he may explain any lawful functions and purposes of trust and nominee arrangements. He may further testify about any lawful functions and purposes for "resting on a contract." And he may explain how title to real property does not pass until there is a conveyance of title, such that the acceptance of a tender or entry into a purchase-and-sale contract does not alone suffice to convey title from a seller to a buyer. All this testimony may prove useful to the jury's ultimate evaluation of who owned Walford at what time and whether any part of the Walford transaction was intended to evade Sean Dunne's obligations to his creditors.

If Wylie testifies about background legal concepts and practices, then the jury can decide how these concepts and practices apply, if at all, to the documents and fact testimony in this case. But if Wylie were permitted to base his testimony by reference to the particular documents and other evidence in this case, this would create an unnecessary risk of intrusion on both this Court's instructional role and the jury's fact-finding role.

Defendants' revised disclosure proposes to allow Wylie to comment on the evidence in ways that exceed his expertise and amount to little more than a marshaling of the evidence in defendants' favor. For example, defendants propose that Wylie testify how "the lack of a reference to a trust [in the purchase contract] is understandable" in light of the separate provision of the "tender documentation [which] provided that no document signed in trust would be accepted." *Ibid.* Similarly, based on non-transactional documents such as later emails, defendants propose that Wylie be permitted to "opine that there is further recognition in writing by the

involved parties that appears to acknowledge that GD [Gayle Killilea Dunne] (and not SD [Sean Dunne]) was the beneficial owner of Walford." *Id.* at 5. This type of testimony involving Wylie's reference to and commentary on the evidence in this case will not be permitted at trial.

## CONCLUSION

For the foregoing reasons, the Trustee's motion *in limine* to preclude the testimony of John Wylie (Doc. #361) is GRANTED IN PART insofar as Wylie may not offer testimony that refers to or comments on the evidence in this case, and is DENIED IN PART insofar as Wylie may testify to the general background principles of Irish property, trust, and conveyancing law consistent with those legal principles stated in defendants' revised disclosure.

It is so ordered.

Dated at New Haven this 17th day of May 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge