UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD M. COAN,
    *Plaintiff-Trustee*,

v.

SEAN DUNNE *et al.*,
    *Defendants*.

No. 3:15-cv-00050 (JAM)

**ORDER MODIFYING STAY OF EXECUTION OF JUDGMENT PENDING APPEAL**

On July 19, 2021, the Court entered judgment against defendant Gayle Killilea,[1] and on July 26, 2021, Killilea moved to stay execution of the judgment pending her anticipated appeal.[2] On August 13, 2021, the Court conditionally granted Killilea's motion to stay execution of the judgment "pending the Court's consideration of the parties' proposed orders setting forth the proposed terms for the Court to enter as conditions for the continuing stay of execution of judgment."[3] Having considered the parties' submissions and now having denied Killilea's post-trial motions (Doc. #727), the Court will modify its order pursuant to Fed. R. Civ. P. 62(b) staying execution of judgment (Doc. #712) subject to the following conditions. It is therefore hereby:

**Ordered,** that solely for the purpose of determining the amount of security necessary for Killilea to obtain a stay pending appeal the dollar value of the €19,172,935.60 portion of the Judgment shall be converted to dollars at the rate of €1 to $1.1803, and shall be combined with the $278,297.18 portion of the Judgment such that the total dollar value of the Judgment exclusive of post-judgment interest and taxable costs is $22,908,113.07, and that the total Dollar

---

[1] Doc. #699.
[2] Doc. #700.
[3] Doc. #712.

value of the Judgment inclusive of two-years' post judgment interest and taxable costs is $22,965,483.29, and it is further

**Ordered,** that Killilea shall provide the following security (the "Security") to the Trustee for a stay of execution of the Judgment pending a timely appeal to the United States Court of Appeals for the Second Circuit:

1. for purposes of the security provided hereunder, the anticipated proceeds from the anticipated sale of the property referred to by the parties as 22 Stillman Lane or "Stillman" is expected to provide $4,500,000.00 in "other security" towards the total security herein.

2. All of the funds in an account no. *******930 (redacted) held by the Trustee in the amount of $12,543,328.16 (the "Walford Proceeds");

3. $360,000.00 in funds held by the bankruptcy estate of 151 Milbank, LLC, in the case styled *In re 151 Milbank, LLC*, 15-51485 (JAM), pending in the United States Bankruptcy Court for the District of Connecticut;

4. Additional cash to be provided by Killilea to the trustee, or a supersedeas bond provided to the trustee on her behalf, in the amount of **$5,562,155.13**.

**Ordered,** that as a condition of the stay hereunder, Killilea shall cause the mortgage (the "Mortgage") on Stillman, held by Newinvest Holding International Limited ("Newinvest"), to be assigned to the Trustee on or before **February 23, 2022**, and it is further

**Ordered,** that as a condition of the stay hereunder, Killilea shall pay the real estate taxes on Stillman and keep the Stillman property free of all liens and encumbrances other than those assigned to the Trustee. Any liens or encumbrances asserted against the Stillman property shall

be remedied within thirty (30) days of the earlier of the recording of same or Killilea's notice of same (actual or constructive). Notice of any such liens or encumbrances shall be provided to the Trustee within three (3) business days of notice (actual or constructive) to Killilea, and it is further

**Ordered,** that Killilea shall cause Stillman to be listed for sale, marketed, and sold to a third party, and for the proceeds of such sale (net of the real estate commission and legal fees associated therewith) to be immediately deposited with the Trustee by seller's counsel, and if Stillman has not been sold at the time that the Second Circuit enters a mandate pursuant to Fed. R. App. P. 41, and if the Second Circuit fully affirms this Court's judgment entered on or about July 19, 2021, then Killilea shall transfer the deed to the Stillman property to the Trustee within five (5) business days of the Second Circuit's mandate, and it is further

**Ordered,** that this order is the order contemplated in paragraph 6 of a certain agreement between Christopher Lehane, as Official Assignee, Yesreb Holding Limited, and Celtic Trustees Limited made February 4, 2020, and it is further

**Ordered,** that if Killilea does not comply with the terms of this Order, post the cash security set forth herein, and assign the Newinvest Mortgage as set forth above, all within fourteen (14) days of the date of the entry of this Order, then the stay ordered by this Court on August 13, 2021, and herein, will immediately terminate as of **February 23, 2022**, and it is further

**Ordered,** the Trustee shall file a motion with the United States Bankruptcy Court in *In re Sean Dunne*, Bankruptcy Case No. 13-50484, on notice to all appearing parties and Killilea seeking permission to convert any proceeds from the sale of Stillman Lane upon the reasonable request of Killilea on terms and conditions determined to be fair and equitable by the bankruptcy

court, and it is further

**Ordered,** that the stay ordered herein shall end immediately upon the earlier of: (1) the expiration of the time to appeal, if no appeal is filed by Killilea; or (2) the issuance of a mandate for the final disposition of any timely appeal to the Second Circuit filed by Killilea, and it is further

**Ordered,** that this Court shall retain jurisdiction over the interpretation, enforcement, and/or amendment of this Order, and the subject matter hereof.

**It is so ordered.**

Dated at New Haven this 9th day of February 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge